UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK THORNTON,

    Plaintiff,

v.

PFIZER, INC., et al.,

    Defendants and Cross-Defendants.

and

AUTO OWNERS INSURANCE COMPANY,
a Michigan Insurance corporation,

    Defendant and Cross-Plaintiff.
_____/

CASE NO. 1:09-CV-877

HON. ROBERT J. JONKER

## OPINION AND ORDER

Plaintiff Mark Thornton suffered debilitating injuries in an automobile accident. At stake in this case is who must pay for the long-term costs of caring for Mr. Thornton. In this action, Plaintiff has sued both his no-fault carrier, Auto Owners Insurance Company, and a group of defendants associated with his ERISA-qualified health insurance plan ("the Pfizer Defendants"). Auto Owners has cross-claimed against certain of the Pfizer Defendants for declaratory relief. In addition, there is already a state court, first-party no-fault action between Auto Owners and Mr. Thornton, which has been pending since March 2009.

The Court conducted an initial Rule 16 conference on the record to address the procedural posture of the case. In particular, Mr. Thornton's claim against the Pfizer Defendants appears to involve review of an ERISA benefits plan determination under the unique framework set out in

*Wilkins v. Baptist Healthcare Systems*, 150 F.3d 609, 618-19 (6th Cir. 1998). Actions under *Wilkins* are not subject to the ordinary disclosure, discovery, and pretrial-motion practice of civil litigation. Instead, a *Wilkins* case comes before the court under federal law and requires a decision on an administrative record under a specified standard of review. That standard of review ordinarily is deferential to the original decision-maker for the ERISA plan. There is ordinarily no fact finding or discovery. The Court accordingly scheduled the case to proceed on a schedule consistent with *Wilkins'* framework.

The case against Auto Owners, however, is a straightforward first-party no-fault case over which the Court may or may not assert supplemental jurisdiction under 28 U.S.C. § 1367. That case involves the normal pretrial processes of civil litigation. The question is whether the Court should, in its discretion, exercise supplemental jurisdiction over that action, or whether the Court should decline to do so and leave the first-party no-fault issues for resolution in the already pending state court action. After hearing the parties address the matter at the Rule 16 conference, the Court permitted any interested party to file a brief on the question. The submissions from Auto Owners (docket # 16) and the Pfizer Defendants (docket # 18) are now before the Court. The plaintiff, Mr. Thornton, has not submitted a brief on the issue. Considering all matters of record, the Court declines to exercise supplemental jurisdiction over Auto Owners' cross-claims.

By statute, a district court has discretion to exercise supplemental jurisdiction over state-law claims. *See* 28 U.S.C. § 1367. That discretion should not be exercised where, for example, the state claim substantially predominates over the claims over which the court has original jurisdiction or there are other compelling reasons for declining jurisdiction. *See id.* In this case, resolution of Mr. Thornton's only federal claim will be by way of the procedures described in *Wilkins*. *Wilkins*

procedures involve the Court acting in something more akin to an administrative review capacity than in a traditional trial court role: The progress of a case under the *Wilkins* framework routinely involves little or no discovery and the outcome is determined by reviewing the administrative record. *See* 150 F.3d at 618-19. The claims against Auto Owners and Auto Owners' cross-claims, by contrast, will involve extensive discovery on priority issues that would not occur in the *Wilkins* action and that would predominate the federal claim in this case. Indeed, retaining jurisdiction over those claims would conflict with and significantly impede progress of Mr. Thornton's federal action under the *Wilkins*' framework.

Additionally, Mr. Thornton has already filed a state-law action against Auto Owners, which has been pending in state court since 2009. In that action, Plaintiff is seeking a coverage determination for the same benefits as those at issue in this case for Auto Owners. Principles of judicial economy and comity indicate that the state court is best positioned to decide that case. Moreover, that case will involve disclosure, discovery, and motion practices under procedures that differ from and conflict with the *Wilkins* process. If Auto Owners wishes to bring the Pfizer Defendants into the state case to press its contract claims, it can ask the state court for permission to do so. Even if the state court denies such a request, nothing prevents Auto Owners from bringing a new and independent action against the Pfizer Defendants.

Finally, resolution of the primary action in this case–Mr. Thornton's federal claim against the Pfizer defendants–is not dependant upon resolution of Auto Owners' cross-claims. *Cf. Farms Ins. Group v. Plumbers Local 98 Ins. Fund*, --- F. Supp. 2d ----, No. 08-10597, 2009 WL 3152790, *3 (E.D. Mich. Sept. 29, 2009). The review of the ERISA plan determination under *Wilkins* is a very narrow adjudication. It determines only whether the ERISA plan's determination was arbitrary and

capricious, or otherwise contrary to the plan or law. More than that, the decision for the Court rests entirely on an administrative record, not on facts developed or determined in a new court proceeding. Accordingly, it is hard to see how the outcome, whatever it may be, can have any legally binding effect on the contract issues between Auto Owners and the Pfizer Defendants. Regardless of the outcome on the narrow issues presented by the ERISA appeal, all parties will have a full opportunity to litigate the facts and the law governing their contract disputes in an ordinary civil action.

**ACCORDINGLY, IT IS ORDERED** that Auto Owners' motion for relief from dismissal (docket # 16) is **DENIED**, Auto Owners' cross-claims are **DISMISSED** without prejudice, and Plaintiff's claims against Auto Owners are **DISMISSED** without prejudice. The action will proceed in this Court solely under *Wilkins* against the Pfizer Defendants.


Dated:      March 3, 2010            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE